ANDREW L. KERR, Appellant, v. THE QUAKER CITY INSURANCE COMPANY OF PHILADELPHIA, Respondent.

*Insurance—Adjustment.*—In adjusting the loss under a policy of insurance upon a vessel, one-third will be deducted from the cost of repairs in order to determine the amount of the loss.

*Appeal from St. Louis Court of Common Pleas.*

*J. Y. Page*, for appellant.

The contract of insurance is substantially a contract for indemnity, is construed most strongly against the insurer, and should, if it can fairly be done, be so construed as to give the insured the indemnity for which he contracted. (Citizens' Ins. Co. v. Glasgow et al. 9 Mo. 406, p. 414.)

In case of an abandonment for a technical loss, the half value which authorizes it is half the sum which the ship, if repaired, would be worth, without any deduction of one-third new for old. (3 Kent Com. 331.) The actual expenditure or damage is taken into view. (Dupuy v. United Ins. Co. 3 Johns' Cs. 182.)

*Krum & Harding*, for respondent.

The whole controversy in this case has been adjudicated in the case of Wallace v. The Ohio Insurance Company, 4 Ohio, p. 234 and following.

BAY, Judge, delivered the opinion of the court.

This was a suit on a policy of insurance issued by the Quaker City Insurance Company of Philadelphia, insuring the steamboat David Tatum in the sum of twenty-five hundred dollars against loss or damage by the perils of the river.

The following agreed case was submitted to the court:

" The policy was a valued policy, and the valuation of the boat as fixed thereby was the sum of $15,000.

" A loss by one of the perils insured against occurred during the lifetime of the policy. The amount of said loss was less than ten per cent. upon the valuation after deducting one-third of cost of repairs, new for old; but without this deduction, exceeded ten per cent. The policy contained the following clauses, which are the only provisions therein necessary to notice, viz:

" ' But no loss or average shall in any case be paid under ten per cent. on the agreed value in this policy.

" ' And it is further agreed that one-third shall be deducted from the cost of all repairs, injuries and losses on the vessel

by perils insured against, as a commutation for the average difference between new and old.'

"If the court shall be of the opinion that, in estimating the loss, one-third must be deducted, and that the remainder is the sum which will determine whether or not the loss amounts to ten per cent. of the valuation, the defendant will be entitled to judgment. If, on the other hand, the court should decide that the gross loss, without making the deduction aforesaid, is the sum which must determine the per centage of loss, the plaintiff is entitled to recover.

"If, in the judgment of the court, plaintiff should be entitled to recover, judgment will be rendered against defendant for the sum of two hundred and eleven dollars and ninety-six cents ($211.96), with interest at the rate of six per cent. per annum from March 17, 1859."

Upon the above agreed statement of facts the court below found for the defendant, and the plaintiff brings the case here by writ of error.

The custom, in adjusting losses on a vessel, of deducting one-third of the expense of labor and new materials in replacing or repairing parts of the vessel injured or destroyed by the perils insured against, has long been recognized both in England and this country, with this difference, that in England it has no application to a new vessel, or a vessel on her first voyage, while in the United States such a distinction has never been admitted. The rule is a just one, and is founded upon the idea that inasmuch as the new or repaired part is better than the old, the insurer should make a due allowance therefor.

In this case the policy recognizes the rule and provides for the deduction, and, in our opinion, the remainder is the·sum which must determine whether or not the loss amounts to ten per cent. of the valuation.

This mode of estimating the per centage was adopted by the Supreme Court of Ohio in a case similar to this. (Wallace v. Ohio Ins. Co. 4 Ohio, 234.)

That was an action on a policy of insurance taken by the

defendants upon the steamboat Hercules for the sum of $8,000. The whole amount of charges claimed by the plaintiff for repairs was $1,136, of which sum $647 was admitted to be for repairs, properly chargeable as such. By the terms of the policy the insurers were not to be charged unless the loss amounted to ten per cent. upon the amount insured. The insurers refused to pay, because they contended that the loss, when reduced according to the marine law one-third, upon the doctrine of new for old, did not amount to $800, and because the items above the sum of $647 were not legally chargeable against the insurers. After a very able review of the authorities, the court said:

"When the amount of one-third is deducted from the whole charge for repairs, the loss is reduced to a less sum than $800. This not being ten per cent. upon the actual value, the terms of the policy do not entitle the plaintiff to recover."

With reference to the rule and the mode of applying it, see also 1 Cow. 275, 11 Pick. 96; 20 Wend. 287; 16 Pick. 312; 11 John. 315.

The other judges concurring, the judgment will be affirmed.